**EXHIBIT** ___I___

THE STATE OF OHIO
COMMON PLEAS COURT OF SHELBY COUNTY

FILED
COMMON PLEAS COURT

07 JAN 26 PM 3: 46

MICHELE K. MUMFORD
SHELBY COUNTY CLERK

| | |
|---|---|
| ALCOA INC.<br>201 Isabella Street<br>Pittsburgh, PA 15212 | ) )<br>) )<br>) ) |
| ALCOA ENERGY SERVICES, INC.<br>201 Isabella Street<br>Pittsburgh, PA 15212 | ) )<br>) )<br>) ) |
| Plaintiffs | ) ) |
| vs. | ) )<br>) ) |

Case No. _07CV00042_

COMPLAINT FOR MONEY
DAMAGES; JURY DEMAND
ENDORSED HEREON

DELTA (SPRINGBOK) FRANCE, S.A., f/k/a)
SOURDILLON S.A.                                )
B.P. 10                                               )
37250 Veigne, France                            )
                                                           )
DELTA U.S. (SPRINGBOK), LLC, f/k/a  )
SOURDILLON LLC                               )
529 Rollins Industrial Boulevard            )
Ringgold, GA 30736                             )
                                                           )
SOURDILLON AIR INDEX                   )
529 Rollins Industrial Boulevard            )
Ringgold, GA 30736                             )
                                                           )
SOURDILLON INC.                              )
529 Rollins Industrial Boulevard            )
Ringgold, GA 30736                             )
                                                           )
BURNER SYSTEMS INTERNATIONAL  )
3600 Cummings Road                           )
Chattanooga, TN 37419                        )
                                                           )
JOHN DOE NO. 1                                )
                                                           )
JOHN DOE NO. 2                                )
                                                           )
                    Defendants.                    )

## COMPLAINT

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d/b/a Norcold (hereinafter collectively referred to as "Plaintiffs"), by and through its undersigned attorneys, hereby files this Complaint against Delta (Springbok) France, S.A., f/k/a Sourdillon S.A., Delta U.S. (Springbok), LLC, f/k/a Sourdillon LLC, Sourdillon Air Index, Sourdillon Inc., Burner Systems International, John Doe No. 1 and John Doe No. 2 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Plaintiffs, through its predecessors-in-interest, were formerly involved with the manufacture of refrigerators used in the marine and recreational vehicle industry. Plaintiffs purchased certain quantities of valves manufactured by Defendants and/or their predecessor-in-interest for inclusion into a number of its refrigerators. The valves supplied to Plaintiffs by Defendants and/or their predecessor-in-interest between 1987 and 1995 were determined to be defective by the corporation currently known as Norcold, Inc., which purchased certain of the assets of Plaintiffs' refrigerator manufacturing operations in 1997 and is unrelated to Plaintiffs, and Plaintiffs and, as a consequence, a recall of the refrigerators was initiated. This Complaint seeks to reduce to judgment the losses Plaintiffs have incurred and are continuing to incur due to the defective valves supplied by Defendants and/or their predecessor-in-interest and Defendants' breach of a valid agreement to indemnify Plaintiffs against such losses.

## PARTIES, JURISDICTION AND VENUE

2.      Alcoa Inc. is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d/b/a Norcold is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania.

3.      Upon information and belief, Delta France, S.A., f/k/a Sourdillon S.A., is a foreign corporation.

4.      Upon information and belief, Delta U.S. (Springbok), LLC, f/k/a Sourdillon LLC is a foreign limited liability company.

5.      Upon information and belief, Sourdillon Air Index is a foreign corporation.

6.      Upon information and belief, Sourdillon S.A. is a foreign corporation.

7.      Upon information and belief, Sourdillon, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Ringgold, Georgia.

8.      Plaintiffs are currently unaware of the true name and capacity, whether individual, corporate, associate or otherwise, of Defendant sued herein as "John Doe No. 1," and therefore sue Defendant by such fictitious name. Plaintiffs believe that the identity of Defendant sued herein as "John Doe No. 1" can be ascertained through formal means of discovery. Plaintiffs will seek leave of this Court to amend their Complaint to allege the true name and capacity of the fictitiously named "John Doe No. 1" when its identity has been ascertained through discovery in this action. Plaintiffs are informed and believe, and on that basis allege, that the fictitiously named Defendant was involved in the activity that forms the basis of this

- 3 -

action and is liable to Plaintiffs for the acts and omissions herein alleged. Plaintiffs are informed and believe and thereon allege that the fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that such Defendant proximately caused Plaintiffs' damages.

9.     Plaintiffs are currently unaware of the true name and capacity, whether individual, corporate, associate or otherwise, of Defendant sued herein as "John Doe No. 2," and therefore sue Defendant by such fictitious name. Plaintiffs believe that the identity of Defendant sued herein as "John Doe No. 2" can be ascertained through formal means of discovery. Plaintiffs will seek leave of this Court to amend their Complaint to allege the true name and capacity of the fictitiously named "John Doe No. 2" when its identity has been ascertained through discovery in this action. Plaintiffs are informed and believes, and on that basis alleges, that the fictitiously named Defendant was involved in the activity that forms the basis of this action and is liable to Plaintiffs for the acts and omissions herein alleged. Plaintiffs are informed and believe and thereon allege that the fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages were proximately caused by such Defendant.

10.     Personal jurisdiction over Defendants may be asserted by this Court, because Defendants and/or their predecessor-in-interest have undertaken one or more of the several acts enumerated in the Ohio long-arm statute, ORC Ann. 2307.382. In particular, Defendants and/or their predecessor-in-interest contracted with Plaintiffs to supply goods in the State of Ohio. Plaintiffs' cause of action against Defendants arises from Defendants' and/or their predecessor-in-interest's contracting to supply goods in the State of Ohio.

11.     Venue is proper in this Court pursuant to Ohio Civ. R. 3(B)(6), because the product was supplied to Plaintiffs within Shelby County and the product utilizing said valves

- 4 -

was manufactured within Shelby County, and thus all or part of the claim for relief arose within Shelby County.

## ALLEGATIONS

12.     Plaintiffs were engaged in the manufacture and sale of refrigerators used in the marine and recreational vehicle industry. The refrigerators that are the subject of the recall at issue in this suit all contain valves supplied by Defendants and/or their predecessor-in-interest.

13.     Defendants and/or their predecessor-in-interest, a merchant, engaged in the manufacture and sale of critical gas train components including, valves and gas burners. Plaintiffs purchased valves ("the Valves") from Defendants and/or their predecessor-in-interest for inclusion in its refrigerator models 442, 443, EV452, 453, EV462, 482, 874 and 875 from approximately January 1987 through approximately May 1995.

14.     For each year Plaintiffs purchased the Valves from Defendants and/or their predecessor-in-interest, Plaintiffs transmitted to Defendants and/or their predecessor-in-interest a Purchase Order.

15.     On information and belief, each Purchase Order for the years 1987 through 1995 contained the following provision:

> 1. ACCEPTANCE/AGREEMENT. SELLER'S COMMENCEMENT OF WORK ON THE GOODS SUBJECT TO THIS PURCHASE ORDER OR SHIPMENT OF SUCH GOODS, WHICHEVER OCCURS FIRST, SHALL BE DEEMED AN EFFECTIVE MODE OF ACCEPTANCE OF THIS PURCHASE ORDER. ANY ACCEPTANCE OF THIS PURCHASE ORDER IS LIMITED TO ACCEPTANCE OF THE EXPRESS TERMS CONTAINED ON THE FRONT AND BACK HEREOF. ANY PROPOSAL FOR ADDITIONAL OR DIFFERENT TERMS OR ANY ATTEMPT BY SELLER TO VARY IN ANY DEGREE ANY OF THE TERMS OF THIS OFFER IN SELLER'S ACCEPTANCE IS HEREBY OBJECTED TO AND REJECTED, BUT SUCH PROPOSALS SHALL NOT OPERATE AS A REJECTION OF THIS OFFER UNLESS SUCH VARIANCES ARE IN THE TERMS OF THE

DESCRIPTION, QUANTITY, PRICE OR DELIVERY SCHEDULE OF THE GOODS, BUT SHALL BE DEEMED A MATERIAL ALTERATION THEREOF AND THIS OFFER SHALL BE DEEMED ACCEPTED BY SELLER WITHOUT SAID ADDITIONAL OR DIFFERENT TERMS. IF THIS PURCHASE ORDER SHALL BE DEEMED AN ACCEPTANCE OF A PRIOR OFFER BY SELLER SUCH ACCEPTANCE IS LIMITED TO THE EXPRESS TERMS CONTAINED ON THE FACE AND ON THE BACK HEREOF. ADDITIONAL OR DIFFERENT TERMS OR ANY ATTEMPT BY SELLER TO VARY IN ANY DEGREE ANY OF THE TERMS OF THIS PURCHASE ORDER SHALL BE DEEMED MATERIAL AND ARE OBJECTED TO AND REJECTED, BUT THIS PURCHASE ORDER SHALL NOT OPERATE AS A REJECTION OF THE SELLER'S OFFER UNLESS IT CONTAINS VARIANCES IN THE TERMS OF THE DESCRIPTION, QUANTITY, PRICE OR DELIVERY SCHEDULE OF THE GOODS.

16.     Each shipment of the Valves by Defendants and/or their predecessor-in-interest to Plaintiffs was governed by the terms contained in the Purchase Order issued by Plaintiffs for the year in which that shipment was made.

17.     Each instance of performance by Defendants and/or their predecessor-in-interest in shipping the Valves constituted acceptance of Plaintiffs' offer contained in the Purchase Order for the relevant year from 1987 through 1995 and formed a binding agreement between Plaintiffs and Defendants and/or their predecessor-in-interest governing the rights and obligations of Plaintiffs and Defendants and/or their predecessor-in-interest *vis-à-vis* Plaintiffs' purchase of the Valves from Defendants and/or their predecessor-in-interest ("Valve Purchase Agreements"). The Valve Purchase Agreements were limited to the terms offered by Plaintiffs in the Purchase Orders, and the Valve Purchase Agreements contained all terms offered by Plaintiffs in the Purchase Orders.

18.     On information and belief, each and every Valve Purchase Agreement contained the following provision ("Indemnification Provision"):

- 6 -

14. <u>INDEMNIFICATION</u>.  SELLER SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS PURCHASE AGAINST ALL DAMAGES, CLAIMS OR LIABILITIES AND EXPENSES (INCLUDING ATTORNEY'S FEES) ARISING OUT OF OR RESULTING IN ANY WAY FROM ANY DEFECT IN THE GOODS OR SERVICES PURCHASED HEREUNDER, OR FROM ANY ACT OR OMISSION OF THE SELLER, ITS AGENTS, EMPLOYEES OR SUBCONTRACTORS.  THIS INDEMNIFICATION SHALL BE IN ADDITION TO THE WARRANTY OBLIGATIONS OF SELLER.

19.     On information and belief, each and every Valve Purchase Agreement contained the following provision ("Governing Law Provision"):

26. <u>GOVERNING LAW</u>.  ALL QUESTIONS CONCERNING THE INTENTION, VALIDITY AND MEANING OF THIS AGREEMENT OR RELATING TO THE RIGHTS AND OBLIGATIONS OF THE PARTIES WITH RESPECT TO PERFORMANCE HEREUNDER SHALL BE CONSTRUED AND RESOLVED UNDER THE LAWS OF THE STATE OF OHIO, EXCLUDING HOWEVER, RULES RELATING TO CHOICE OR CONFLICTS OF LAW.

20.     Plaintiffs sold their assets to the Thetford Corporation ("Thetford") pursuant to the Agreement of Purchase and Sale ("Norcold Sale Agreement") in 1997.

21.     Subsequent to the execution of the Norcold Sale Agreement, in 1997 Thetford began operating under the name "Norcold, Inc." ("Norcold").

22.     Pursuant to the Norcold Sale Agreement, liability for any defect in a product manufactured by Plaintiffs prior to the execution of the Norcold Sale Agreement was an excluded liability and was retained by Plaintiffs.

23.     Pursuant to the Norcold Sale Agreement, Plaintiffs are legally obligated to reimburse any costs or expenses incurred by Norcold relating to a recall by Norcold of a product manufactured by Plaintiffs stemming from a defect in the product.

24.     Pursuant to the Norcold Sale Agreement, Plaintiffs retained all rights and remedies relating to excluded liabilities, including the right to seek indemnification against loss

- 7 -

from Defendants and/or their predecessor-in-interest pursuant to the Indemnification Provisions contained in the Valve Purchase Agreements.

25. In 2001, Norcold notified Plaintiffs of a defect in the Valves purchased from and manufactured by Defendants and/or their predecessor-in-interest that were contained in refrigerators manufactured by Plaintiffs.

26. On information and belief, in 2002 Plaintiffs notified Defendants and/or their predecessor-in-interest of the defect in the Valves purchased from and manufactured by Defendants and/or their predecessor-in-interest and concurrently gave Defendants and/or their predecessor-in-interest proper and timely notice of Plaintiffs' intent to seek indemnification from Defendants and/or their predecessor-in-interest against any loss to Plaintiffs arising out of or resulting from defects in the Valves.

27. On information and belief, in 2002 Norcold began a recall of the refrigerators manufactured by Plaintiffs containing the Valves purchased from and manufactured by Defendants and/or their predecessor-in-interest ("the Recall").

28. The Recall was necessitated by the defects in the Valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Plaintiffs pursuant to the Valve Purchase Agreements.

29. Pursuant to the Norcold Sale Agreement, Plaintiffs were and are legally obligated to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall.

30. Beginning less than four years from the date of the filing of this action and continuing through the date of the filing of this action, Alcoa has made multiple payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall. Because this action was commenced less than four years after Plaintiffs first suffered a loss, this action is not time-barred by the applicable statute of limitations.

- 8 -

31.     Each of Plaintiffs' payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall constitute a separate and discrete loss to Alcoa arising from and caused by defects in the valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Plaintiffs pursuant to the Valve Purchase Agreements.

32.     The amount of Alcoa's payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall are fair and reasonable.

33.     Pursuant to the terms of the Valve Purchase Agreements, Defendants, as parties to the Valve Purchase Agreements and/or successors-in-liability to a party to the Valve Purchase Agreements, are obligated to indemnify Plaintiffs against loss arising from defects in the Valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Plaintiffs pursuant to the Valve Purchase Agreements.

34.     Defendants are contractually obligated to indemnify Plaintiffs against loss arising from defects in the valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Plaintiffs pursuant to the Valve Purchase Agreements.

35.     Plaintiffs have provided proper notice to Defendants of their obligation to indemnify Plaintiffs against Plaintiffs' losses defects in the valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Plaintiffs pursuant to the Valve Purchase Agreement.

36.     Despite their obligations under the Valve Purchase Agreements, Defendants have refused to indemnify Plaintiffs against Plaintiffs' losses arising from defects in the valves manufactured by Defendants and/or their predecessor-in-interest that were sold to Alcoa  Energy and/or its predecessor-in-interest pursuant to the Valve Purchase Agreements.

37.     Defendants have breached and continue to breach the Indemnification Provisions contained in the Valve Purchase Agreements.

38.     Defendants' past and continuing breaches of the Indemnification Provisions contained in the Valve Purchase Agreements have caused Alcoa to suffer monetary damages.

## COUNT FOR INDEMNIFICATION

39.     Plaintiffs hereby incorporate paragraphs 1 through 38 as if stated fully herein.

40.     Plaintiffs and Defendants and/or their predecessor-in-interest executed several valid Valve Purchase Agreements between 1987 and 1995.

41.     Each Valve Purchase Agreement contained a valid Indemnification Provision, pursuant to which Defendants and/or their predecessor-in-interest are obligated to indemnify Plaintiffs against loss relating to or arising from a defect in the Valves sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement.

42.     Defects in the Valves sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement caused Norcold to recall the refrigerators manufactured by Plaintiffs containing the Valves.

43.     Plaintiffs were and are legally obligated to reimburse Norcold for Norcold's costs and expenses relating to or arising from the Recall.

44.     Plaintiffs provided proper notice to Defendants and/or their predecessor-in-interest of Plaintiffs' intent to seek from Defendants and/or their predecessor-in-interest indemnification against the loss to Plaintiffs associated with its reimbursement of Norcold for Norcold's costs and expenses relating to or arising from the Recall, which was caused by defects in the Valves sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement.

45.     Plaintiffs have, within four years of the date of the commencement of this action, suffered several losses, in the amounts of its payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall, due to defects in the Valves

- 10 -

sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement.

46. The amount of Plaintiffs' payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall are fair and reasonable.

47. Defendants were parties to the Valve Purchase Agreements and thus liable to Plaintiffs for indemnification against loss, or have assumed such liability from their predecessor-in-interest.

48. Pursuant to the Indemnification Provisions contained in the Valve Purchase Agreements, Defendants are legally obligated to indemnify Plaintiffs against Plaintiffs' losses, in the amounts of its payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall, due to defects in the Valves sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement.

49. Defendants have refused to indemnify Plaintiffs against Plaintiffs' losses, in the amounts of its payments to Norcold to reimburse Norcold for Norcold's costs and expenses arising from and related to the Recall, due to defects in the Valves sold by Defendants and/or their predecessor-in-interest to Plaintiffs under the Valve Purchase Agreement.

50. Defendants have breached the Indemnification Provisions contained in the Valve Purchase Agreements, causing damage to Plaintiffs.

WHEREFORE, Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc. pray for judgment in favor of Alcoa Inc. and Alcoa Energy Services, Inc. and against Defendants for damages in an

amount in excess of $25,000.00, plus its costs incurred herein, and for such other and further relief as this Court deems just and proper.

_____

Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
1 South Main Street, Suite 1800
One Dayton Centre
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (Fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

## JURY DEMAND

Defendants demand a trial by jury as to all issues herein pending.

_____

Christopher W. Carrigg (0023947)

- 12 -

FILED
COMMON PLEAS COURT

**07 JAN 26 PM 3: 46**

MICHELE ... MUMFORD
SHELBY COUNTY CLERK

### THE STATE OF OHIO
### COMMON PLEAS COURT OF SHELBY COUNTY

ALCOA, INC., et al.            :        CASE NO. *07CV00004*

    Plaintiffs              :

vs.                            :

DELTA (SPRINGBOK) FRANCE, S.A.,  :     **INSTRUCTIONS TO THE CLERK**
f/k/a SOURDILLON S.A., et al.

                                  :

    Defendants              :

                                    :

---

It will not be necessary to serve the summons and complaint at this time.

_____
Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

# FREUND, FREEZE & ARNOLD
**One Dayton Centre**
**1 South Main Street, Suite 1800**
**Dayton, OH 45402-2017**
tel (937) 222-2424
fax (937) 222-5369

*FILED*
*COMMON PLEAS COURT*
*07 JAN 30 PM 2:01*
*MICHELLE C. MUMFORD*
*SHELBY COUNTY CLERK*

# fax t r a n s m i t t a l

| | |
|---|---|
| **to:** | Shelby County Clerk of Courts<br>Attn: Mary Lou |
| **fax #:** | (937) 498-4840 |
| **phone #:** | |
| **from:** | Christopher W. Carrigg |
| **date:** | January 30, 2007 |
| **re:** | 07CV000042<br>Alcoa v. Delta |
| **pages:** | 5, including cover sheet |

**NOTES:** If you did not receive one or more pages of this fax, please contact:

Marika

**Unless otherwise indicated or obvious from the nature of this transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error or are not sure whether or not it is privileged, please notify the sender by telephone and return the original message to us by regular mail.**

*PLEASE FILE. THANK YOU,*

FREUND, FREEZE & ARNOLD

FILED
COMMON PLEAS COURT

07 JAN 30 PM 2: 01

MICHE... ...OMFORD
SHELBY COUNTY CLERK

## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| ALCOA INC., et al. | : | CASE NO. 07CV000042 |
| Plaintiffs | : | (Judge Stevenson) |
| vs. | : | |
| DELTA (SPRINGBOK) FRANCE, S.A., f/k/a SOURDILLON S.A., et al. | : | **MOTION OF PLAINTIFFS ALCOA INC. AND ALCOA ENERGY** |
| Defendants | : | **SERVICES, INC. TO POSTPONE SERVICE OF THE SUMMONS** |
| | : | **AND COMPLAINT** |

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d b/a Norcold (hereinafter collectively referred to as "Plaintiffs"), by and through its undersigned attorneys, hereby file this Motion to Postpone Service and state as follows:

      1.     On Friday, January 26, 2007, Plaintiffs filed the instant action in this Court seeking recovery from five named defendants and two John Doe defendants for damages stemming from a defect in valves manufactured by the defendants and/or their predecessor in interest.

      2.     Plaintiffs filed the instant action on January 26, 2007 in order to ensure that their claims would not be time-barred by the applicable statute of limitations.

3.  Plaintiffs have a good-faith basis for all claims stated in the instant action. However, as demonstrated by the inclusion of John Doe defendants, Plaintiffs are still making diligent efforts to determine the exact identity of all responsible parties and ask for the Court's indulgence while Plaintiffs' investigation continues.

4.  While Plaintiffs have commenced the action, they wish to postpone service on the defendants for a reasonable period of time in order that Plaintiffs may have an opportunity to determine the exact identity of all responsible parties.

5.  Pursuant to Ohio Rules of Civil Procedure 4(E), 4.3 and 4.5, a plaintiff is allowed at least six months to serve a defendant after commencement of a civil action:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5.

6.  This Court should permit Plaintiffs the time prescribed by the Ohio Rules of Civil Procedure to serve their Complaint on the defendants.

7.  A proposed Order granting Plaintiffs a 90 day postponement is submitted herewith.

WHEREFORE, Plaintiffs move this Court to enter an order postponing service of the Complaint in the instant action on defendants for ninety days from the date of entry of such order,

2

at which time Plaintiffs will provide instructions to the Clerk of the Court regarding method of

service.

Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

3

01/30/2007 13:35 FAX 937 222 5369 FREUND, FREEZE & ARNOLD 005/005



FILED
COMMON PLEAS COURT

07 JAN 31 AM 11: 10

MICHAEL
SHELBY CO. CLERK

# IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| ALCOA INC., et al. | : | CASE NO. 07CV000042 |
| | | (Judge Stevenson) |
| Plaintiffs | : | |
| | | |
| vs. | : | |
| | | |
| DELTA (SPRINGBOK) FRANCE, S.A., | : | **ORDER GRANTING PLAINTIFFS 90** |
| f/k/a SOURDILLON S.A., et al. | | **DAYS TO SUBMIT INSTRUCTIONS** |
| | : | **TO CLERK FOR SERVICE OF** |
| Defendants | | **SUMMONS AND COMPLAINT** |
| | : | |

Upon motion of plaintiffs, and for good cause demonstrated, the Court is of the opinion that Plaintiffs' Motion to Postpone Service should be granted. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Postpone Service filed here is hereby granted, and that the plaintiffs shall provide the Clerk of Courts instructions for service of the summons and complaint no later than 90 days from the date of this Order.

_____
JUDGE JAMES F. STEVENSON

Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

Doc 1

# HUNTON WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 • 788 • 8200
FAX    804 • 788 • 8218

THOMAS R. WASKOM
DIRECT DIAL: 804-788-8403
EMAIL: twaskom@hunton.com

May 4, 2007

FILE NO: 68894.96

Michele Mumford
Shelby County Clerk of Courts
Shelby County Courthouse
P.O. Box 809
Sidney, OH 45365

### *Alcoa Inc. and Alcoa Energy Services, Inc. v.*
### *Delta (Springbok) France, S.A. f/k/a Sourdillon S.A., et al.*
### Case No. 07CV000042, Common Pleas Court of Shelby County, Ohio

Dear Ms. Mumford,

You have asked us to provide instructions for service in the above-referenced matter. The addresses at which the defendants may be served are listed on the first page of the Complaint.

I appreciate your attention to this matter, and please contact me should you have any que[...]

*Called - Talked to T. Uzzillion
On 5/13/07 - asked us to
hold on to Complaint about
Service and I told him that
we do not do that - the Court
gave him 90 days to tell us
how hed wanted us to make
Service. I told him I'd do some
Checking in the CRC because I
can't hold on to it indefinitely*

*5/11/07
Called Mr. Waskom again
after talking w/ Lori - She
said to tell him he needs
to send in a Motion to
hold this Case open longer.*

THE STATE OF OHIO
COMMON PLEAS COURT OF SHELBY COUNTY

FILED
COMMON PLEAS COURT
07 JAN 26 PM 3:47
MICHELE R. ELMORE
SHELBY COUNTY CLERK

ALCOA INC.
201 Isabella Street
Pittsburgh, PA 15212

ALCOA ENERGY SERVICES, INC.
201 Isabella Street
Pittsburgh, PA 15212

Plaintiffs

vs.

Case No. 07 CV 000042

COMPLAINT FOR MONEY
DAMAGES; JURY DEMAND
ENDORSED HEREON

DELTA (SPRINGBOK) FRANCE, S.A., f/k/a
SOURDILLON S.A.
B.P. 10
37250 Veigne, France

DELTA U.S. (SPRINGBOK), LLC, f/k/a
SOURDILLON LLC
529 Rollins Industrial Boulevard
Ringgold, GA 30736

SOURDILLON AIR INDEX
529 Rollins Industrial Boulevard
Ringgold, GA 30736

SOURDILLON INC.
529 Rollins Industrial Boulevard
Ringgold, GA 30736

BURNER SYSTEMS INTERNATIONAL
3600 Cummings Road
Chattanooga, TN 37419

JOHN DOE NO. 1

JOHN DOE NO. 2

Defendants.

FILED
07 MAY -9 AM 9:54
SHELBY COUNTY CLERK

## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO

ALCOA, INC., et al        *     **CASE NO. 07CV000042**

     **Plaintiffs,**        *

     **vs.**        *

**DELTA (SPRINGBOK) FRANCE, S.A.** *     **ENTRY**
**Fka SOURDILLON S.A., et al**

                              *

     **Defendants.**

\*      \*      \*      \*      \*      \*      \*

       Upon a review of the above-captioned file, the Court finds that on January 31, 2007, Plaintiff requested and was given an Order providing that Plaintiff shall give to the Clerk of Courts instructions for service of summons and complaint no later than 90 days from the date of the Order of January 31, 2007.

       The Court finds that more than ninety (90) days have elapsed and Plaintiff has failed to instruct the Clerk of Courts on service of summons and complaint as provided for in the January 31, 2007 Order. Accordingly, Plaintiff is ORDERED to proceed with the prosecution of their Complaint within fourteen (14) days of the issuance of this Order. Failure to do so may result in the case being administratively dismissed.

       The Clerk of this Court is directed to deliver copies of this Entry to the attorneys of record and to any parties not represented by an attorney.

                                   _____

                                   Hon. James F. Stevenson, Judge

*Doc 1*



FREUND, FREEZE & ARNOLD

Jamey T. Pregon, Esq.
(937) 425-9520 Direct Dial
(937) 425-7520 Direct Fax
E-mail jpregon@ffalaw.com

Dayton Office

May 16, 2007

Clerk of Courts
Shelby County Common Pleas Court
100 E. Court Street
P. O. Box 809
Sidney, OH 45365-0809

RE:     *Alcoa Inc., et al. v. Delta (Springbok) France, S.A., et al.*
        Case No. 07-CV-000042

Dear Clerk of Courts:

        Enclosed, please find the original and two copies of *Motion to Postpone Service,* for filing in connection with the above-referenced case.

        Also enclosed is a proposed *Order Granting Plaintiffs' Motion to Postpone Service of Summons and Complaint,* for presentation to Judge Stevenson, together with a copy of the motion, for approval and filing.  You may return time-stamped copy of each to the undersigned in the envelope enclosed for your convenience.  Thank you.

        Sincerely,

        FREUND, FREEZE & ARNOLD

        Jamey T. Pregon

Jamey T. Pregon

JTP/cjs
Enclosures

07 MA᠁ ᠁ ᠁ 2:37

## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

ALCOA INC., et al.                  :         CASE NO. 07CV000042
                                              (Judge Stevenson)
    Plaintiffs                  :

vs.                                 :

DELTA (SPRINGBOK) FRANCE, S.A.,     :         **ORDER GRANTING PLAINTIFFS'**
f/k/a SOURDILLON S.A., et al.                 **MOTION TO POSTPONE SERVICE**
                                    :         **OF SUMMONS AND COMPLAINT**
    Defendants

                                    :

---

Upon motion of plaintiffs, and for good cause demonstrated, the Court is of the opinion that Plaintiffs' Motion to Postpone Service should be granted.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Postpone Service is SUSTAINED, and that the plaintiffs shall provide the Clerk of Courts instructions for service of the summons and complaint by no later than July 26, 2007.

JUDGE JAMES F. STEVENSON

Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

Doc 31

FILED
COMMON PLEAS COURT

07 MAY 17 AM 10: 36

SHELBY COUNTY CLERK

## IN THE COURT OF COMMON PLEAS OF SHELBY COUNTY, OHIO

ALCOA INC. AND ALCOA ENERGY
SERVICES, INC.,

        Plaintiffs,

    vs.

DELTA (SPRINGBOK) FRANCE, S.A.,
et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 07-CV-000042

## MOTION TO POSTPONE SERVICE

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d/b/a Norcold (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, hereby file this Motion to Postpone Service and state as follows:

1.      On Friday, January 26, 2007, Plaintiffs filed the instant action in this Court seeking recovery from five named defendants and two John Doe defendants for damages stemming from a defect in valves manufactured by the defendants and/or their predecessor in interest.



FREUND, FREEZE & ARNOLD
A Legal Professional Association

2.  Plaintiffs filed the instant action on January 26 in order to ensure that their claims would not be time-barred by the applicable statute of limitations.

3.  Plaintiffs have a good-faith basis for all claims stated in the instant action. However, as demonstrated by the inclusion of John Doe defendants, Plaintiffs are still making diligent efforts to determine the exact identity of all responsible parties.

4.  While Plaintiffs have commenced the action, they wish to postpone service on the defendants for a reasonable period of time in order that Plaintiffs may have an opportunity to determine the exact identity of all responsible parties.

5.  Pursuant to Ohio Rules of Civil Procedure 4(E), 4.3 and 4.5, a plaintiff is allowed at least six months to serve a defendant after commencement of a civil action:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5.

6.  This Court should permit Plaintiffs the time prescribed by the Ohio Rules of Civil Procedure to serve their Complaint on the defendants.

WHEREFORE, Plaintiffs move this Court to enter an order allowing Plaintiffs until July 26, 2007 to serve their Complaint on the named defendants.

2

Respectfully submitted:

_____

Christopher W. Carrigg (0023947)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
ccarrigg@ffalaw.com
Attorney for Plaintiffs

3



# IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

ALCOA INC., *et al.*                          :        CASE NO. 07-CV-000042
                                              :        JUDGE JAMES F. STEVENSON
     Plaintiffs,                            :

v.                                            :        MOTION TO DESIGNATE AN
                                              :        INDIVIDUAL TO SERVE PROCESS
DELTA (SPRINGBOK) FRANCE, S.A.,               :        AND COMPLAINT
*et al.*
                                              :
     Defendants.                            :

---

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d/b/a Norcold (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, hereby file this Motion to Designate an Individual to Serve Process and Complaint and state as follows:

1.    On Friday, January 26, 2007, Plaintiffs filed the instant action in this Court seeking recovery from five named defendants and two John Doe defendants for damages stemming from a defect in valves manufactured by the defendants and/or their predecessor in interest

2.    One of the defendants, Delta (Springbok) France, S.A., is located in Veigne, France

3.    Plaintiffs have engaged Stephane Brudy, 14 Rue Galpin Thiou, BP 1657, 37000 Tours, France, to serve the Complaint and process on Delta (Springbok) France, S.A. pursuant to Ohio Civ. R. 4.3(B)(2), which permits personal service on out-of-state defendants.

4.    Ohio Civ. R. 4.3(B)(2) requires that such service may be made by "any person not less than eighteen years of age who is not a party and who has been designated by order of the court."

5.    Mr. Brudy is over eighteen years old

WHEREFORE, Plaintiffs move this Court to enter an order designating Stephane Brudy to personally serve on defendant Delta (Springbok) France, S.A. copies of the summons and Complaint in this action.

Respectfully submitted,

_____
Christopher W. Carrigg (0023947)
Jamey T. Pregon (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH   45402-2017
Telephone:     (937) 222-2424
Facsimile:     (937) 222-5369
Email:         ccarrigg@ffalaw.com
               jpregon@ffalaw.com
Attorneys for Plaintiffs

*Court*
*Carrigg*
*6/28/07*

2



## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

ALCOA INC., *et al.*

      Plaintiffs,

v.

DELTA (SPRINGBOK) FRANCE, S.A.,
*et al.*

      Defendants.

:    CASE NO. 07-CV-000042
:    JUDGE JAMES F. STEVENSON
:

:    <u>**PRAECIPE FOR SUMMONS**</u>
:
:
:

---

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc., successor-in-interest to Norcold, Inc., formerly d/b/a Norcold (hereinafter collectively referred to as "Plaintiffs'), by and through their undersigned attorneys, hereby file this Praecipe for Summons and state as follows:

1.    On Friday, January 26, 2007, Plaintiffs filed the instant action in this Court seeking recovery from five named defendants and two John Doe defendants for damages stemming from a defect in valves manufactured by the defendants and/or their predecessor in interest.

2.    On motion of Plaintiffs, the Court issued two separate orders permitting Plaintiffs to postpone service of process.

3.     Plaintiffs now request that, in accordance with Ohio Civ. R. 4, the Clerk of Court issue a separate summons for service upon each defendant listed in the caption of the Complaint.

4.     Plaintiffs have attached to this Praecipe sufficient copies of the Complaint that the Clerk of Court can attach a copy of the Complaint to each summons.

WHEREFORE, Plaintiffs hereby request that the Clerk of Court issue separate summonses for each defendant listed in the caption of the Complaint in this action.

Respectfully submitted,

Christopher W. Carrigg (0013947)
Jamey T. Pregon (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH 45402-2017
Telephone:   (937) 222-2424
Facsimile:    (937) 222-5369
Email:        ccarrigg@ffalaw.com
              jpregon@ffalaw.com
Attorneys for Plaintiffs

2

FREUND FREEZE & ARNOLD

**Jamey T. Pregon, Esq.**
(937) 428-0326 Direct Dial
(937) 428-0700 Direct Fax
E-mail: jpregon@ffalaw.com

Dayton Office

FILED
COMMON PLEAS COURT
07 JUN 25 PM 2: 55
SHELBY COUNTY CLERK

June 22, 2007

Clerk of Courts
Shelby County Common Pleas Court
100 E. Court Street
P. O. Box 809
Sidney, OH 45365-0809

RE:  *Alcoa Inc., et al. v. Delta (Springbok) France, S.A., et al.*
     Case No. 07-CV-000042

Dear Clerk of Courts:

Enclosed, please find the original and two copies of *Motion to Designate an Individual to Serve Process and Complaint*, for filing in connection with the above-referenced case.

Also enclosed is a proposed *Order* for presentation to Judge Stevenson, together with a copy of the motion, for approval and filing. In addition, a *Praecipe for Summons*, with five copies of the Complaint, are enclosed for service. You may return time-stamped copies to the undersigned in the envelope enclosed for your convenience. Thank you.

Sincerely,

FREUND FREEZE & ARNOLD

Jamey T. Pregon

JTP:cjs
Enclosures



COURT FILED
PLEAS COURT
07 JUN 26 AM 11: 07
MICHELE E. MUMFORD
SHELBY COUNTY CLERK

## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| ALCOA INC., *et al.* | : | CASE NO. 07CV000042 |
| | | (Judge Stevenson) |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| DELTA (SPRINGBOK) FRANCE, S.A., | : | **ORDER GRANTING PLAINTIFFS'** |
| *et al.* | | **MOTION TO DESIGNATE AN** |
| | : | **INDIVIDUAL TO SERVE PROCESS** |
| | | **AND COMPLAINT** |
| Defendants | : | |
| | : | |

Upon motion of plaintiffs, and for good cause demonstrated, the Court is of the opinion that Plaintiffs' Motion to Designate an Individual to Serve Process and Complaint should be granted.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Designate an Individual to Serve Process and Complaint is SUSTAINED, and that the plaintiffs shall provide the Clerk of Courts instructions for service of the summons and complaint by no later than July 26, 2007.

_____
JUDGE JAMES F. STEVENSON

Christopher W. Carrigg (0023947)
Jamey T. Pregon  (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH 45402-2017
Telephone:    (937) 222-2424
Facsimile:    (937) 222-5369
Email:    ccarrigg@ffalaw.com
    jpregon@ffalaw.com

Attorneys for Plaintiffs

*Court*
*Carrigg. 1 find 1 cert copy 3.00*
*6/28/07 g*

*DOC 51*

FREUND, FREEZE & ARNOLD
A Legal Professional Association

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al
           Plaintiff(S)

vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
           Defendant(S)

CASE NO.    07CV000042

To :   DELTA U.S. (SPRINGBOK), LLC FKA SOURDILLON LLC
      529 ROLLINS INDUSTRIAL BOULEVARD
      RINGGOLD GA 30736

To the above named defendant:

    You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

7160 3901 9849 5632 7859

ˈ is as follows:

**TO:**
DELTA U.S. (SPRINGBOK), LLC
529 ROLLINS INDUSTRIAL BOULEVAR
RINGGOLD, GA 30736

STOPHER W CARRIGG
-ND FREEZE & ARNOLD
JTH MAIN ST STE 1800
IE DAYTON CENTRE
ˈAYTON, OH 45402

**SENDER:**

ult will be taken against you for the relief demanded in the complaint.

**REFERENCE:**
    07CV000042
    7160 3901 9849 5632 785

MICHELE K. MUMFORD
CLERK OF COURTS

BY: _Mere K Chames_

DEPUTY CLERK

| PS Form 3800, January 2005 | | |
|---|---|---|
| RETURN RECEIPT SERVICE | Postage | 75 |
| | Certified Fee | 2.65 |
| | Return Receipt Fee | 2.15 |
| | Restricted Delivery | |
| | Total Postage & Fees | 5.55 |

ˈ4 Ohio Rules of Civil)

POSTMARK OR DATE

Receipt for Certified Mail

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al                                              CASE NO.    07CV000042
          Plaintiff(S)

vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
          Defendant(S)

To :     SOURDILLON AIR INDEX
         529 ROLLINS INDUSTRIAL BOULEVARD
         RINGGOLD GA  30736

To the above named defendant:

        You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed
against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney
of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the
day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name~ ~                                        ~y is as follows:

7160 3901 9849 5632 7866

                                                    _ISTOPHER W CARRIGG
TO:                                                 'ND FREEZE & ARNOLD
SOURDILLON AIR INDEX                                JTH MAIN ST STE 1800
529 ROLLINS INDUSTRIAL BOULEVAR                     E DAYTON CENTRE
RINGGOLD, GA 30736                                  AYTON, OH 45402

                                                    t will be taken against you for the relief demanded in the complaint.

SENDER:
                                                                    MICHELE K. MUMFORD
REFERENCE:                                                          CLERK OF COURTS
          07CV000042
          7160 3901 9849 5632 786
                                                    BY:
PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | .75 |
| | Certified Fee | 2.65 |
| | Return Receipt Fee | 2.15 |
| | Restricted Delivery | |
| | Total Postage & Fees | 5.55 |

                                                    DEPUTY CLERK

POSTMARK OR DATE                                    hio Rules of Civil)

Receipt for
Certified Mail

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al
          Plaintiff(S)

    vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
          Defendant(S)

CASE NO.    07CV000042

To :    SOURDILLON INC.
        529 ROLLINS INDUSTRIAL BOULEVARD
        RINGGOLD GA 30736

To the above named defendant:

    You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

7160 3901 9849 5632 7873

**TO:**
  SOURDILLON INC.
  529 ROLLINS INDUSTRIAL BOULEVAR
  RINGGOLD, GA 30736

STOPHER W CARRIGG
ND FREEZE & ARNOLD
UTH MAIN ST STE 1800
E DAYTON CENTRE
AYTON, OH 45402

ult will be taken against you for the relief demanded in the complaint.

**SENDER:**

**REFERENCE:**
    07CV000042
    7160 3901 9849 5632 787

MICHELE K. MUMFORD
CLERK OF COURTS

BY: _____
              DEPUTY CLERK

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 75 |
| | Certified Fee | 345 |
| | Return Receipt Fee | 215 |
| | Restricted Delivery | |
| | Total Postage & Fees | $5 55 |

s 4 Ohio Rules of Civil)

Receipt for
Certified Mail

POSTMARK OR DATE

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al
          Plaintiff(S)

CASE NO.   07CV000042

vs.

DELTA SPRING BOK FRANCE S A FKA SOURDILLON S A et al
          Defendant(S)

To :   BURNER SYSTEMS INTERNATIONAL
       3600 CUMMINGS ROAD
       CHATTANOOGA TN  37419

To the above named defendant:

     You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff's Attorney is as follows:

7160 3901 9849 5632 7880

CHRISTOPHER W CARRIGG
FREUND FREEZE & ARNOLD
1 SOUTH MAIN ST STE 1800
ONE DAYTON CENTRE
DAYTON OH 45402

**TO:**
BURNER SYSTEMS INTERNATIONA
3600 CUMMINGS ROAD
CHATTANOOGA TN 37419

2. Article Number

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)

B. Date of Delivery
7-2-07

...lief demanded in the complaint.

MICHELE K. MUMFORD
CLERK OF COURTS

C. Signature
X *Laura Wheeler*
☐ Agent
☐ Addressee

DEPUTY CLERK

7160 3901 9849 5632 7880

D. Is delivery address different from item 1?
If YES, enter delivery address below:
☐ Yes
☐ No

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

BURNER SYSTEMS INTERNATIONA
3600 CUMMINGS ROAD
CHATTANOOGA, TN 37419

7160 3901 9849 5632 788

07CV000042

PS Form 3811, January 2005      Domestic Return Receipt

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al                                              CASE NO.     07CV000042
      Plaintiff(S)

  vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
      Defendant(S)

To :    JOHN DOE NO. 1
      NO ADDRESS PROVIDED

To the above named defendant:

     You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

**7160 3901 9849 5632 7897**

**TO:**
JOHN DOE NO. 1
NO ADDRESS PROVIDED

CHRISTOPHER W CARRIGG
ND FREEZE & ARNOLD
JTH MAIN ST STE 1800
IE DAYTON CENTRE
DAYTON, OH 45402

ault will be taken against you for the relief demanded in the complaint.

MICHELE K. MUMFORD
CLERK OF COURTS

**SENDER:**

BY: _Keri L Scarce_

DEPUTY CLERK

**REFERENCE:**
    07CV000042
    7160 3901 9849 5632 789

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | '75 |
| --- | --- | --- |
| | Certified Fee | 2.65 |
| | Return Receipt Fee | .2 15 |
| | Restricted Delivery | |
| | Total Postage & Fees | 555 |

es 4 Ohio Rules of Civil)

POSTMARK OR DATE

Receipt for
Certified Mail

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al                                    CASE NO.    07CV000042
          Plaintiff(S)

    vs.

DELTA S RINGBOK RANCE S FKA SOU DILLON S et al
         Defendant(S)

To :   JOHN DOE NO. 2
     NO ADDRESS PROVIDED

To the above named defendant:

    You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

**7160 3901 9849 5632 7903**

               CHRISTOPHER W CARRIGG
               UND FREEZE & ARNOLD
**TO:**             OUTH MAIN ST STE 1800
  JOHN DOE NO. 2         NE DAYTON CENTRE
  NO ADDRESS PROVIDED    DAYTON, OH 45402

 fault will be taken against you for the relief demanded in the complaint.

                         MICHELE K. MUMFORD
                         CLERK OF COURTS

**SENDER:**

                         BY: _____

**REFERENCE:**                                DEPUTY CLERK
    07CV000042
    7160 3901 9849 5632 790

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 75 | |
|---|---|---|---|
| | Certified Fee | 265 | les 4 Ohio Rules of Civil) |
| | Return Receipt Fee | 215 | |
| | Restricted Delivery | | |
| | Total Postage & Fees | 5.55 | |

| | POSTMARK OR DATE |
|---|---|
| Receipt for Certified Mail | |

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

## SUMMONS ON COMPLAINT

ALCOA INC et al

            Plaintiff(S)

CASE NO.   07CV000042

   vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

          Defendant(S)

To :   DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A

       B.P. 10

       37250 VEIGUE, FRANCE

To the above named defendant:

      You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

      You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

      The name and address of the Plaintiff(s) Attorney is as follows:

CHRISTOPHER W CARRIGG

FREUND FREEZE & ARNOLD

1 SOUTH MAIN ST STE 1800

ONE DAYTON CENTRE

DAYTON, OH 45402

     If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

MICHELE K. MUMFORD

CLERK OF COURTS

June 28, 2007

BY _Sheri K. Clearing_

DEPUTY CLERK

(Rules 4 Ohio Rules of Civil)

FAILNOTIC

# CLERK OF THE COURT OF COMMON PLEAS

## SHELBY COUNTY, SIDNEY, OHIO

### *NOTICE OF FAILURE OF DELIVERY*

07CV000042   ALCOA INC et al vs. DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

To:    CHRISTOPHER W CARRIGG
FREUND FREEZE & ARNOLD
1 SOUTH MAIN ST STE 1800
ONE DAYTON CENTRE
DAYTON OH 45402

**FAILURE OF DELIVERY OF ADDRESSEE: JOHN DOE NO 1 AND JOHN DOE NO 2**

**Certified Mail**           **Reason:** INSUFFICIENT ADDRESS

MICHELE K. MUMFORD, CLERK OF COURTS

Date: July 6, 2007

By:_____
                                           Deputy

## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**    ( ) **REGULAR U.S. MAIL**    ( ) **SHERIFF SERVICE**

Special Instructions: _____

_____
Attorney Signature

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

## SUMMONS ON COMPLAINT

ALCOA INC et al                                                      CASE NO.    07CV000042
            Plaintiff(S)
      vs.
DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
            Defendant(S)

To :    JOHN DOE NO. 1
        NO ADDRESS PROVIDED


To the above named defendant:

        You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed
against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney
of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the
day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

                        CHRISTOPHER W CARRIGG
                        FREUND FREEZE & ARNOLD
                        1 SOUTH MAIN ST STE 1800
                        ONE DAYTON CENTRE
                        DAYTON, OH 45402

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                                                      MICHELE K. MUMFORD
                                                      CLERK OF COURTS

June 28, 2007                                    BY: _____
                                                              DEPUTY CLERK


                        (Rules 4 Ohio Rules of Civil)

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

## SUMMONS ON COMPLAINT

ALCOA INC et al

               Plaintiff(S)

CASE NO.    07CV000042

    vs.

DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

               Defendant(S)

To :   JOHN DOE NO. 2
       NO ADDRESS PROVIDED

To the above named defendant:

      You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

   You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

   The name and address of the Plaintiff(s) Attorney is as follows:

CHRISTOPHER W CARRIGG
FREUND FREEZE & ARNOLD
1 SOUTH MAIN ST STE 1800
ONE DAYTON CENTRE
DAYTON, OH 45402

   If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

MICHELE K. MUMFORD
CLERK OF COURTS

June 28, 2007

BY: _____

DEPUTY CLERK

(Rules 4 Ohio Rules of Civil)

FAILNOTIC

# CLERK OF THE COURT OF COMMON PLEAS

## SHELBY COUNTY, SIDNEY, OHIO

### *NOTICE OF FAILURE OF DELIVERY*

07CV000042   ALCOA INC et al vs. DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

To:     CHRISTOPHER T CARRIGG
        FREUND FREEZE & ARNOLD
        1 SOUTH MAIN ST STE 1800
        ONE DAYTON CENTRE
        DAYTON OH 45402

**FAILURE OF DELIVERY OF ADDRESSEE: SOURDILLON AIR INDEX**

**Certified Mail**                    **Reason:** Unclaimed

MICHELE K. MUMFORD, CLERK OF COURTS

Date: July 10, 2007

By: _B Dunlap_____
                                        Deputy

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**    ( ) **REGULAR U.S. MAIL**    ( ) **SHERIFF SERVICE**

Special Instructions: _____
_____

                              _____
                              Attorney Signature

FAILNOTIC

# CLERK OF THE COURT OF COMMON PLEAS

## SHELBY COUNTY, SIDNEY, OHIO

### *NOTICE OF FAILURE OF DELIVERY*

07CV000042  ALCOA INC et al vs. DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

To      CHRISTOPHER    CARRIGG
FREUND FREEZ & ARNOLD
1 SOUTH MAIN T STE 1800
ONE DAYTON CENTRE
DAYTON OH 45402

## FAILURE OF DELIVERY OF ADDRESSEE: DELTA U.S. (SPRINGBOK) LLC

**Certified Mail**                     **Reason:** Unclaimed

MICHELE K. MUMFORD, CLERK OF COURTS

Date: July 10, 2007

By: _____
                                              Deputy

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**      ( ) **REGULAR U.S. MAIL**       ( ) **SHERIFF SERVICE**

Special Instructions: _____

_____

_____
Attorney Signature

07 JUL 13 PM 1: 18

# IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| ALCOA INC., *et al.* | : | CASE NO. 07-CV-000042 |
| | | JUDGE JAMES F. STEVENSON |
| **Plaintiffs,** | : | |
| | | **AMENDED** |
| v. | : | **MOTION TO DESIGNATE AN** |
| | | **INDIVIDUAL TO SERVE PROCESS** |
| DELTA (SPRINGBOK) FRANCE, S.A., | : | **AND COMPLAINT** |
| *et al.* | | |
| | : | |
| **Defendants.** | | |

Plaintiffs Alcoa Inc. and Alcoa Energy Services, Inc., successor-in-interest to Alcoa Refrigeration Systems, Inc. successor-in-interest to Norcold, Inc., formerly d/b/a Norcold (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, hereby file this Amended Motion to Designate an Individual to Serve Process and Complaint and state as follows:

1.     On Friday, January 26, 2007, Plaintiffs filed the instant action in this Court seeking recovery from five named defendants and two John Doe defendants for damages stemming from a defect in valves manufactured by the defendants and or their predecessor in interest.

2.     One of the defendants, Delta (Springbok) France, S.A., is located in Veigne, France.

3.     Plaintiffs have engaged Stephane Brudy, 14 Rue Galpin Thiou, BP 1657, 37000 Tours, France, to serve the Complaint and process on Delta (Springbok) France, S.A.

pursuant to Ohio Civ. R. 4.3(B)(2), which permits personal service on out-of-state defendants.

4.     On information and belief, Delta (Springbok) France, S.A. is now known as Burner Systems International, which has also been named as a defendant in this action.

5.     Ohio Civ. R. 4.3(B)(2) requires that such service may be made by "any person not less than eighteen years of age who is not a party and who has been designated by order of the court."

6.     Mr. Brudy is over eighteen years old.

WHEREFORE, Plaintiffs move this Court to enter an order designating Stephane Brudy to personally serve on defendant Burner Systems International, successor-in-interest to Delta (Springbok) France, S.A., copies of the summons and Complaint in this action.

Respectfully submitted,

_____
Christopher W. Carrigg (0023947)
Jamey T. Pregon (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH   45402-2017
Telephone:     (937) 222-2424
Facsimile:     (937) 222-5369
Email:         ccarrigg@ffalaw.com
               jpregon@ffalaw.com
Attorneys for Plaintiffs

2

**IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| ALCOA INC., *et al.* | : | **CASE NO. 07-CV-000042** |
| | | **JUDGE JAMES F. STEVENSON** |
| Plaintiffs, | : | |
| | | |
| v. | : | **PRAECIPE FOR SUMMONS** |
| | | |
| DELTA (SPRINGBOK) FRANCE, S.A., | : | |
| *et al.* | | |
| | : | |
| Defendants. | | |

---

TO THE CLERK:

Please issue a summons on complaint (copy of complaint enclosed) on the following, and return to the undersigned for service by the individual previously designated:

Burner Systems International
8, Allee de la Robinetterie 37250
Veigne, France

Christopher W. Carrigg (0023947)
Jamey T. Pregon (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH 45402-2017
Telephone: (937) 222-2424
Facsimile: (937) 222-5369
Email: ccarrigg@ffalaw.com
jpregon@ffalaw.com
Attorneys for Plaintiffs

**The Court of Common Pleas, SHELBY County, Ohio**

**SUMMONS ON COMPLAINT**

ALCOA INC et al                                                    CASE NO.     07CV000042
            Plaintiff(S)
        vs.
DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
            Defendant(S)

To :     BURNER SYSTEMS INTERNATIONAL
         8, ALLEE DE LA ROBINETTERIE 37250
         VEIGNE, FRANCE


To the above named defendant:

        You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

                    CHRISTOPHER W CARRIGG
                    FREUND FREEZE & ARNOLD
                    1 SOUTH MAIN ST STE 1800
                    ONE DAYTON CENTRE
                    DAYTON, OH 45402

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                                                        MICHELE K. MUMFORD
                                                        CLERK OF COURTS

July 17, 2007                                    BY:_____

                                                        DEPUTY CLERK


                        (Rules 4 Ohio Rules of Civil)



# IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO
## CIVIL DIVISION

ALCOA INC., *et al.*                   :     CASE NO. 07CV000042
                                               (Judge Stevenson)
     Plaintiffs                      :

vs.                                    :

DELTA (SPRINGBOK) FRANCE, S.A.,        :     **ORDER GRANTING PLAINTIFFS'**
*et al.*                                     **AMENDED MOTION TO DESIGNATE**
                                       :     **AN INDIVIDUAL TO SERVE**
     Defendants                      **PROCESS AND COMPLAINT**
                                       :

       Upon motion of plaintiffs, and for good cause demonstrated, the Court is of the opinion that Plaintiffs' Amended Motion to Designate an Individual to Serve Process and Complaint should be granted.

       Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Amended Motion to Designate an Individual to Serve Process and Complaint is SUSTAINED, and that the plaintiffs shall provide the Clerk of Courts instructions for service of the summons and complaint by no later than July 26, 2007.

                                JUDGE JAMES F. STEVENSON

Christopher W. Carrigg (0023947)
Jamey T. Pregon   (0075262)
FREUND, FREEZE & ARNOLD
Suite 1800 One Dayton Centre
1 South Main Street
Dayton, OH 45402-2017
Telephone:     (937) 222-2424
Facsimile:     (937) 222-5369
Email:         ccarrigg@ffalaw.com
               jpregon@ffalaw.com
Attorneys for Plaintiffs

*DOC. 2.*

FAILNOTIC

# CLERK OF THE COURT OF COMMON PLEAS

## SHELBY COUNTY, SIDNEY, OHIO

FILED
COMMON PLEAS COURT

### *NOTICE OF FAILURE OF DELIVERY* 07 JUL 20 AM 10: 23

07CV000042  ALCOA INC et al vs. DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

MICHELE K. MUMFORD
SHELBY COUNTY CLERK

To:   CHRISTOPHER W CARRIGG
      FREUND FREEZE & ARNOLD
      1 SOUTH MAIN ST STE 1800
      ONE DAYTON CENTRE
      DAYTON OH 45402

## FAILURE OF DELIVERY OF ADDRESSEE: SOURDILLON AIR INDEX

**Certified Mail**                    **Reason:** Unclaimed

MICHELE K. MUMFORD, CLERK OF COURTS

Date: July 10, 2007

By:  _____
                                    Deputy

## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**    (X) **REGULAR U.S. MAIL**    ( ) **SHERIFF SERVICE**

Special Instructions: _____

                      Attorney Signature
                      Christopher W. Carrigg
                      Attorney for Plaintiffs



*Michele K. Mumford*
Shelby County Clerk of Courts
County Courthouse
PO Box 809
Sidney, OH 45365

CERTIFIED MAIL

FIRST NOTICE
FINAL NOTICE
RETURN

RETURN RECEIPT REQUESTED

7160 3901 9849 5632 786

07CV000042
7160 3901 9849 5632 786
JORDILLON AIR INDEX
529 ROLLINS INDUSTRIAL BOULEVAR
RINGGOLD, GA 30736

A □ INSUFFICIENT ADDRESS
C □ ATTEMPTED NOT KNOWN
S □ NO SUCH NUMBER/STREET
□ NOT DELIVERABLE AS ADDRESSED
- UNABLE TO FORWARD
□ OTHER

RTS
RETURN TO SENDER

FAIL.NOTIC

# CLERK OF THE COURT OF COMMON PLEAS

### SHELBY COUNTY, SIDNEY, OHIO

*NOTICE OF FAILURE OF DELIVERY*

FILED
COMMON PLEAS COURT
07 JUL 20 AM 10: 23
MICHELE K. MUMFORD
SHELBY COUNTY CLERK

07CV000042   ALCOA INC et al vs. DELTA SPRINGBOK FRANCISE SAS et al DELON S A et al

To:    CHRISTOPHER W CARRIGG
       FREUND FREEZE & ARNOLD
       1 SOUTH MAIN ST STE 1800
       ONE DAYTON CENTRE
       DAYTON OH 45402


**FAILURE OF DELIVERY OF ADDRESSEE: DELTA U.S. (SPRINGBOK) LLC**

**Certified Mail**                    **Reason:** Unclaimed

                                      MICHELE K. MUMFORD, CLERK OF COURTS

                                      Date: July 10, 2007

                                      By: _____
                                                              Deputy


## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**     (X) **REGULAR U.S. MAIL**     ( ) **SHERIFF SERVICE**

Special Instructions: _____

_____
Attorney Signature
Christopher W. Carrigg
Attorney for Plaintiffs



Michele K. Mumford.
County Court house
Shelby County Clerk of Courts
PO Box 809
Sidney, OH 45365-0809

07 JUL -9 AM 9:

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7160 3901 9849 5632 7859

RETURN RECEIPT REQUESTED
07CV000042
7160 3901 9849 5632 785
DELTA U.S. (SPRINGBOK), LLC
529 ROLLINS INDUSTRIAL BOULEVAR
RINGGOLD, GA 30736

FIRST NOTICE
FINAL NO
RETURN

☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
   - UNABLE TO FORWARD       ☐ OTHER

RETURN TO S

RTS

76  07/05/07
5-00142

SUMMONS

## The Court of Common Pleas, SHELBY County, Ohio

### SUMMONS ON COMPLAINT

ALCOA INC et al
       Plaintiff(S)
  vs.
DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al
       Defendant(S)

CASE NO.   07CV000042

To :  SOURDILLON INC.
    529 ROLLINS INDUSTRIAL BOULEVARD
    RINGGOLD GA  30736

To the above named defendant:

    You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are hereby required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

    The name and address of the Plaintiff(s) Attorney is as follows:

CHRISTOPHER W CARRIGG
FREUND FREEZE & ARNOLD
1 SOUTH MAIN ST STE 1800
ONE DAYTON CENTRE
DAYTON, OH 45402

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

MICHELE K. MUMFORD
CLERK OF COURTS

June 28, 2007

BY: _____
DEPUTY CLERK

(Rules 4 Ohio Rules of Civil)



CERTIFIED MAIL

RETURN RECEIPT REQUESTED

7143 3901 9849 5632 7040

07CV000042
7160 3901 9849 5632 788
BURNER SYSTEMS INTERNATIONA
3600 CUMMINGS ROAD
CHATTANOOGA, TN 37419

*Michele K. Mumford*
Shelby County Clerk of Courts
County Courthouse
PO Box 809
Sidney, OH 45365-0809

Court of Appeals • Court of Common Pleas • Court of Domestic Relations
Title Department • Tax payers • Duplicate Hunting License

To: Matt
From: Connie
1.2.07

5741982319 R0004

*Michele K. Mumford* –
Shelby County Clerk of Courts
County Court House
PO Box 898
Sidney, OH 45365-0809

Court of Appeals • Court of Common Pleas • Court of Domestic Relations
• Title Department • Passport • Probate Municipal Court



RETURN RECEIPT REQUESTED

07CV000042
7160 3901 9849 5632 787
SOURDITION INC.
529 ROLLINS INDUSTRIAL BOULEVARD
RINGGOLD GA 30736

7160 3901 9849 5632 7873

Not Deliverable as Addressed

MICHELE K. MUMFORD
SHELBY COUNTY CLERK

07 JUL 20 AM 10: 12

FILED
COMMON PLEAS COURT

UTF

FAILNOTIC

# CLERK OF THE COURT OF COMMON PLEAS

## SHELBY COUNTY, SIDNEY, OHIO

### *NOTICE OF FAILURE OF DELIVERY*

07CV000042  ALCOA INC et al vs. DELTA SPRINGBOK FRANCE S A FKA SOURDILLON S A et al

To:    CHRISTOPHER W CARRIGG
       FREUND FREEZE & ARNOLD
       1 SOUTH MAIN ST STE 1800
       ONE DAYTON CENTRE
       DAYTON OH 45402

## FAILURE OF DELIVERY OF ADDRESSEE: SOURDILLON INC

**Certified Mail**                   **Reason:** UNDELIVERABLE AS ADDRESSED

                                     MICHELE K. MUMFORD, CLERK OF COURTS

                                     Date: July 24, 2007

                                     By: _Darcie D. Buckhannon_
                                                                        Deputy

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## REQUEST FOR SERVICE

To the Clerk: Please Re-Issue to the above named party by method noted below:
( ) **CERTIFIED MAIL**    ( ) **REGULAR U.S. MAIL**    ( ) **SHERIFF SERVICE**

Special Instructions: _____
_____

                              _____
                              Attorney Signature