# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALCOA, INC., et al.,

      Plaintiffs,     :    Case No. 3:07-cv-274

  -vs-     Magistrate Judge Michael R. Merz

    :

DELTA (SPRINGBOK), ETC., et al.,

      Defendants.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This case is before the Court on Plaintiffs' Motion for Reconsideration (Doc. No. 71) which asks the Court to reconsider its Decision and Order of October 9, 2008, dismissing Defendant Burner Systems International, Inc. ("BSI") for lack of personal jurisdiction (Doc. No. 68). BSI opposes the Motion (Doc. No. 74) and Plaintiff has filed a reply Memorandum in support (Doc. No. 75).

In part, Plaintiffs request the Court to decline to consider BSI's Memorandum in Opposition because it was assertedly filed late. The Motion was filed and served October 24, 2008. Under S. D. Ohio Civ. R. 7.2, a response was due twenty-one days later, as Plaintiffs note. However, Fed. R. Civ. P. 6(d) provides an additional three days time when service of a document is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E)[1], or (F). Service of the Motion for Reconsideration was made electronically under Fed. R. Civ. P. 5(b)(2)(E) and thus the time for filing an opposition did not expire until November 17, 2008, the day on which the opposition was filed.

---

[1] The extra three days, which was originally provided for service by mail, was extended to electronic service when the federal courts' electronic filing system was introduced as an incentive to persuade attorneys to consent to electronic service.

1

The Motion for Reconsideration depends on *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (2008). Although *Thomson* was decided July 30, 2008, it was only designated for full-text publication in the Federal Reporter on October 7, 2008, thereby acquiring controlling precedential weight. It was not cited to this Court prior to the October 9, 2008, Decision and Order which is the subject of the present Motion for Reconsideration.

In *Thomson*, the Sixth Circuit affirmed dismissal of Toyota Worldwide by the Northern District of Ohio for lack of general personal jurisdiction. It noted the Circuit's prior recognition that "Ohio's long-arm statute is not coterminous with federal constitutional limits." *Thomson*, 545 F.3d at 361, citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). While this Court's Decision and Order did not cite *Calphalon*, it did cite *Goldstein v. Christiansen,* 70 Ohio St. 3d 232, 638 N.E. 2d 541 (1994), on which *Calphalon* depended, and *Cole v. Mileti*, 133 F.3d 433, 436, (6th Cir. 1998), the Sixth Circuit's prior decision depending on *Goldstein* (Decision and Order, Doc. No. 68 at 5.)

In finding there was no general personal jurisdiction over BSI under Ohio law, this Court wrote:

> The only statutory basis Plaintiff suggests[2] for the exercise of general jurisdiction is the long-arm statute, Ohio Revised Code §2307.382(A)(1) and (2). The statute provides in relevant part:
>
> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
> (2) Contracting to supply goods or services in this state; . . .
>
> (C) When jurisdiction over a person is based solely on this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

---

[2]Amended Complaint, Doc. No. 12, ¶ 11.

(Decision and Order, Doc. No. 68 at 5.)

For the proposition that both general and specific personal jurisdiction are available under Ohio law, the *Thomson* court cited *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996). In *Nationwide*, the Sixth Circuit opined:

> The Ohio long-arm statute's reach, see Ohio Rev. Code § 2307.382, extends to the constitutional limits of the Due Process Clause. American Greetings, 839 F.2d at 1167. Therefore, the two inquiries are merged, and we need only determine whether the assertion of personal jurisdiction over Tryg International violates constitutional due process. *See Third Nat'l Bank v. Wedge Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058, 107 L. Ed. 2d 953, 110 S. Ct. 870 (1990).

91 F.3d at 793. However, *Nationwide* was decided two years before *Cole v. Miletti, supra*, which recognized that in *Goldstein* the Ohio Supreme Court had interpreted Ohio's long-arm statute as not reaching to the limits of the Due Process Clause. Thus in *Thomson* the Sixth Circuit relied on prior circuit precedent which had been definitively overruled.

*Cole, Calphalon,* and *Brunner*, *supra*, are all published decisions of the Sixth Circuit, all of which recognize the controlling decision in *Goldstein. Thomson* does not purport to overrule any of these decisions. It is also the well-settled law of the Sixth Circuit that a panel of the Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit *en banc* overrules the prior decision. *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001);*Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985); *accord* 6th Cir. R. 206(c). It is of course the Ohio Supreme Court's decision in Goldstein which definitively determines the meaning of the Ohio long-arm statute. 28 U.S.C. §1652; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).

Having reconsidered the Decision and Order in light of Thomson, the Court adheres to its prior decision.

April 11, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge